MAILED TO COUNSEL 6/23

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/23/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x
GLADYS MILLER,              :
                            :
        Plaintiff,          : 03 Civ. 2072(LAP)(FM)
                            :
    -against-               : ORDER ADOPTING
                            : REPORT AND
                            : RECOMMENDATION
MICHAEL J. ASTRUE,          :
Commissioner of Social Security, :
                            :
        Defendant.          :
                            :
----------------------------------x

LORETTA A. PRESKA, United States District Judge:

On January 9, 2007, Plaintiff Gladys Miller ("Miller") brought an action, pursuant to 42 U.S.C. § 405(g), seeking review of a final decision of the Commissioner of Social Security ("Commissioner") granting Miller's application for disability insurance and Supplemental Security Income benefits retroactive to an August 29, 2001, disability onset date. The Commissioner moved for judgment on the pleadings seeking remand for further administrative proceedings in order to determine the appropriate onset date. Miller filed a cross-motion for judgment on the pleadings seeking reversal of the decision of the administrative law judge ("ALJ") and remand solely for the

calculation of benefits retroactive to an alleged onset date of May 15, 1999.

On November 6, 2007, this Court referred this case to the Honorable Frank Maas, Magistrate Judge. Judge Maas submitted a Report and Recommendation dated March 17, 2008 (the "Report"), recommending that this Court deny Miller's cross-motion and grant the Commissioner's motion for judgment on the pleadings insofar as it seeks to remand for further proceedings.[1] Miller filed objections to the Report on March 28, 2007 ("Pl.'s Objs.").

Where a party objects to a report and recommendation, the district court reviews de novo the parts of the report to which the party objects. See 28 U.S.C. § 636(b)(1)(C). The district court may adopt those portions of a report to which no objections have been made, as long as those portions are not clearly erroneous. See id.; see also Fed. R. Civ. P. 72(b).

Judge Maas recognized two legal errors committed by the ALJ. First, in deciding not to afford controlling weight to the opinion of treating physician Dr. Niewold, the ALJ failed to follow the proper methodology delineated

---

[1] Unless otherwise noted, the facts recited herein are taken from the Report, with which familiarity is presumed.

by 20 C.F.R. §§ 404.1527(d)(2)-(6), 416.927(d)(2)-(6). Upon determining that Dr. Niewold's report was incomplete, the ALJ also failed to recontact the doctor for supplemental information, contrary to the requirements of 20 C.F.R. §§ 404.1512(e)(1), 404.1512(f). Second, by neglecting to appoint a medical advisor to assist in determining an appropriate disability onset date, the ALJ failed to comply with Social Security Ruling ("SSR") 83-20. See SSR 83-20, 1983 WL 31249 (1983).

Because both parties agreed that the ALJ clearly erred in the analysis he used to determine the disability onset date (Pl.'s Mem.[2] at 7-11; Def.'s Mem.[3] at 1, 13, 15), this Court need only review Judge Maas's relevant findings for clear error. If controlling weight is not given to a treating physician's opinion, the ALJ must consider a series of factors in determining the proper weight to give to that opinion. See 20 C.F.R. §§ 404.1527(d)(2)-(6), 416.927(d)(2)-(6); see also Halloran v. Barnhart, 362 F.3d

---

[2] "Pl.'s Mem." refers to Plaintiff's Memorandum of Law in Support of Plaintiff's Cross-Motion for Reversal and Response to Defendant's Motion for Remand, filed Apr. 17, 2007.

[3] "Def.'s Mem." refers to Defendant's Memorandum of Law in Support of the Defendant's Motion for Remand, filed Feb. 2, 2007.

3

28, 32 (2d Cir. 2004). In his decision not to afford Dr. Niewold's opinion controlling weight, the ALJ did not address the extent of Dr. Niewold's relationship with Miller or whether other evidence supported the doctor's opinion -- required factors of consideration under the regulations. Accordingly, Judge Maas correctly determined that the ALJ's actions were contrary to law and called for a remand.

Furthermore, 20 C.F.R. § 404.1512(e)(1) requires that an ALJ recontact a medical source when that source's opinion does not contain all necessary information. See Colondres v. Barnhart, 04 Civ. 1841 (SAS), 2005 WL 106893, at *6 (S.D.N.Y. Jan. 18, 2005). Despite the fact that Dr. Niewold did not identify the medical records on which his medical opinion relied nor how those records informed his opinion, the ALJ failed to recontact Dr. Niewold for supplemental information. Thus, Judge Maas correctly recognized the ALJ's non-compliance with this requirement.

Finally, SSR 83-20 provides that an ALJ should call upon the services of a medical advisor in cases requiring the inference of a disability onset date. See SSR 83-20, 1983 WL 31249, at *3. The lack of medical records between 1996 and 2001 -- a time period that includes the alleged

onset date of May 15, 1999 -- precludes contemporaneous evidence establishing Miller's alleged onset date, thereby mandating assistance from a medical advisor. Because the ALJ failed to solicit the services of an expert, Judge Maas correctly characterized the ALJ's inaction as legal error.

Miller's objections to the Report are three-fold. First, Miller asserts that the evidence conclusively establishes a disability onset date of May 15, 1999. (Pl.'s Objs. at 2-3.) This argument, however, is duplicative of Miller's original argument regarding the completeness of Dr. Niewold's report. To the extent that a party simply reiterates the original arguments made to the magistrate judge, the district court will review relevant portions of the report for clear error. See Barratt v. Joie, No. 06 Civ. 0324 (LTS)(THK) 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002). Dr. Niewold's opinion was both inadequately supported and the sole opinion to propose a May 15, 1999, onset date; accordingly, Judge Maas correctly concluded that there was a lack of evidence supporting such an onset date.

Second, Miller argues that the evidence relied on by Judge Maas does not warrant a remand for further administrative proceedings (Pl.'s Objs. at 4-5) and,

lastly, that remand for further determination of an onset date by a medical advisor would serve no purpose (Pl.'s Objs. at 6-7). This Court reviews these last two objections de novo.

Remanding the case solely for the purpose of calculating benefits based upon a May 15, 1999, onset date would be inappropriate for two reasons. If an ALJ fails to apply the correct standard in weighing a treating physician's opinion, or fails to give good reasons for rejecting the opinion, a remand for further fact-finding is the appropriate remedy. See, e.g., Halloran, 362 F.3d 28 at 33. Moreover, a remand solely for the calculation of benefits is an extraordinary remedy warranted only when the record contains persuasive proof of the disability onset date such that a rehearing would serve no purpose. See, e.g., Colondres, 2005 WL 106893, at *7 (citing Parker v. Harris, 626 F.2d 225, 235 (2d Cir. 1980)). In the instant case, as noted above, the ALJ failed to apply the correct standards in weighing the treating physician's opinion. Furthermore, the record does not provide decisive support for the alleged onset date because Dr. Niewold's opinion is not adequately corroborated by medical evidence.

Consequently, Miller's objections lack merit. Further fact-finding is both purposeful and required.

Finding Judge Maas's report to be well-reasoned and grounded in the law, it is hereby ORDERED that the Report is adopted in its entirety and the case remanded for further administrative proceedings.

SO ORDERED

June 23, 2008

*Loretta A. Preska*
LORETTA A. PRESKA, U.S.D.J.